Argued and submitted February 1, reversed and remanded for determination of benefits June 15, reconsideration denied August 5, petition for review denied September 29, 1988 (306 Or 661)

In the Matter of the Compensation of
the Beneficiaries of Jong J. Ahn, Claimants.

AHN et al,
*Petitioners,*

*v.*

FRITO-LAY, INC.,
*Respondent.*

(WCB 85-00438; CA A44113)

756 P2d 40

James L. Edmunson, Eugene, argued the cause for petitioners. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Kenneth L. Kleinsmith, Portland, argued the cause for

respondent. With him on the brief was Meyers & Terrall, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this workers' compensation case, claimants are the children of the deceased worker. In *Frito-Lay, Inc. v. Ahn,* 84 Or App 427, 734 P2d 15 (1987), we affirmed without opinion the Board's determination that the worker was suffering from an injury-related emotional condition. While that decision was pending, the worker committed suicide. On this review, we decide what impact the suicide has on claimants' entitlement to benefits under ORS 656.204 and ORS 656.218.

ORS 656.156(1) provides:

> "If injury or death results to a worker from the deliberate intention of the worker to produce such injury or death, neither the worker nor the widow, widower, child or dependent of the worker shall receive any payment whatsoever under ORS 656.001 to 656.794."

A beneficiary is not entitled to benefits for injury or death which results from the deliberate intention of the worker. In two recent cases, we discussed the standard of proof required to establish the compensability of a suicide. In *McGill v. SAIF,* 81 Or App 210, 724 P2d 905, *rev den* 302 Or 461 (1986), we ostensibly rejected the "irresistible impulse" test, to the extent that it suggests an element of delerium, frenzy or abruptness. We adopted the "chain-of-causation" rule, essentially as framed by the Supreme Court of Texas in *Saunders v. Texas Employers' Ins. Ass'n,* 526 SW2d 515, 517 (Tex 1975). We agreed with the Texas court's reasoning that the essence of the test is whether an uncontrollable impulse resulted from an impairment of the worker's reasoning facilities which would cause the suicidal act to be an involuntary one. We held that a suicide is compensable if it resulted from work-related stress which produced a mental derangement that impaired the worker's ability to resist the compulsion to take his own life. In such a case, the suicide cannot be said to have arisen from a "deliberate intention." *McGill v. SAIF, supra,* 81 Or App at 214, 214 n 1, 215. In *McGill,* there was no dispute but that the suicide arose from a compensable depressive disorder. We found that the decedent was suffering from a depressive disorder that caused a mental derangement which rendered him incapable of forming a deliberate intent to commit suicide and therefore held that the suicide was, therefore, compensable.

In *Sullivan v. Banister Pipeline AM,* 86 Or App 334, 739 P2d 597, *rev den* 304 Or 280 (1987), the claimant sought benefits for hospitalization and treatment resulting from a suicide attempt. We found that a compensable injury was the material cause of the claimant's depressive disorder and the suicide attempt. We stated, however, that, in order to prove that the suicide attempt was not the result of a deliberate intention, the claimant had to establish that the depression was a mental derangement that impaired his ability to resist the compulsion to take his own life. The evidence showed that the claimant's psychiatric condition impaired his ability to think rationally and that the suicide attempt was an "impulsive act" with very little thought given to it and was strongly influenced by emotional factors. On that evidence, we held that the suicide attempt was not the result of a deliberate intention.

■■  The "chain-of-causation" test as we have framed it in *McGill* and *Sullivan* requires (1) that the worker suffer from a work-related psychological condition which (2) causes or is itself a mental derangement that (3) impairs the worker's ability to resist the compulsion to take his own life. The medical evidence here does not establish any relationship between the worker's compensable emotional disturbance and her inability to resist the compulsion to take her own life. Dr. Johnson, the worker's treating physician, believed that the worker decided to take her own life after concluding that it was the only means of dealing with her problems, many of which were unrelated to work. In his view, the worker "planned her suicide, with the expectation that those left behind would be better off because of the insurance money and that she would be better off because she would no longer have the problems she had."

Although Johnson's reports show that the worker's mental state was one of the problems that led her to the decision to commit suicide, Johnson did not venture to state, and there is no other evidence, that the worker's compensable emotional disturbance affected her ability to reason and thereby prevented her from resisting the compulsion to take her own life. Claimants have not sustained their burden, and we conclude that the worker's death was a result of a deliberate intention to commit suicide.

■ Employer asserts, and the Board held, that claimants are precluded by ORS 656.156(1) from recovering *any* benefits, even those related to compensable conditions, *i.e.,* those not attributable to the suicide. We understand the statute to apply only to benefits for injury or death resulting from the deliberate act. Although claimants are not entitled to benefits for the worker's deliberate suicide, they are still entitled to benefits related to the worker's compensable shoulder and psychiatric conditions, pursuant to ORS 656.218.[1] Because the Board determined otherwise, it did not decide what those benefits are.

Reversed and remanded for determination of benefits due under ORS 656.218.

---

[1] ORS 656.218(1) provides:

"In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto."