Argued and submitted April 5, affirmed November 24, 1999, petition for review denied February 15, 2000 (329 Or 651)

In the Matter of the Compensation of
Daryl D. McClure, Deceased, Claimant.

CARLING NATIONAL BREWERIES,
*Petitioner,*

· *v.*

Della M. McCLURE,
*Respondent.*

(97-05597; CA A103700)

991 P2d 578

Jerald P. Keene argued the cause and filed the brief for petitioner.

Dale C. Johnson argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Employer seeks review of an order of the Workers' Compensation Board (Board) awarding widow's benefits to claimant, the surviving spouse of a worker who committed suicide during a time when he was receiving permanent total disability benefits. We affirm.

The relevant facts are not in dispute. Daryl McClure fell at work and broke his back in several places. He was awarded permanent total disability benefits. Some years later, McClure committed suicide. There is no connection between the suicide and claimant's work-related injury; the suicide apparently was the result of McClure's depression over marital problems.

Claimant claimed surviving spouse benefits under ORS 656.208(1), which provides:

> "If the injured worker dies during the period of permanent total disability, whatever the cause of death, leaving a spouse * * *, payment shall be made in the same manner and in the same amounts as provided in ORS 656.204 [describing benefits for worker's death from accidental injury]."

Employer declined to pay the benefits, arguing that, because McClure had taken his own life, his widow is not entitled to benefits, as provided in ORS 656.156(1):

> "If the injury or death results to a worker from the deliberate intention of the worker to produce such injury or death, neither the worker nor the widow * * * of the worker shall receive any payment whatsoever under this chapter."

A divided Board, sitting en banc, set aside employer's denial. Two members concluded that the two statutes appeared to be in irreconcilable conflict and that, under ORS 174.020, the more specific of the two statutes should control. The two members concluded that ORS 656.208(1) is the more specific statute, because it applies only to cases in which the worker dies during a period of permanent total disability, while ORS 656.156(1) applies generally to cases in which an injury or death results to a worker from the deliberate intention of the worker to produce such injury or death.

One Board member concurred, concluding that the unqualified language of ORS 656.208(1)—requiring payment of spouse's benefits when the worker on permanent total disability dies "whatever the cause of death—in effect "trumps" ORS 656.156(1). Two members dissented, concluding that the unqualified language of ORS 656.156(1)—prohibiting a spouse or dependent from receiving "any payment whatsoever under this chapter" when the worker dies by his or her own intentional act—in effect trumps ORS 656.208(1).

■ On review, employer argues that the dissenting Board members were correct. We agree with the conclusion of the Board majority, although for reasons different from those expressed in either the lead or concurring opinion.

■■ At issue is the proper construction of the relevant statutes, which we determine by reference to their language in context and, if necessary, their enactment histories and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In referring to the language of a statute, we also take into account prior judicial construction of it. *Mendieta v. Division of State Lands*, 148 Or App 586, 594, 941 P2d 582 (1997).

In *Ahn v. Frito-Lay, Inc.*, 91 Or App 443, 756 P2d 40, *rev den* 306 Or 661 (1988), we addressed the scope of the prohibition contained in ORS 656.156(1). In that case, the worker suffered from a work-related emotional condition. When the worker committed suicide, his children claimed, among other things, the continued payment of his workers' compensation benefits to which he had been entitled before the suicide. The employer argued that, under ORS 656.156(1), the children were prohibited from receiving *any* workers' compensation benefits, because the worker had taken his own life. We rejected employer's assertion, holding instead that "[w]e understand the statute to apply only to benefits for injury or death resulting from the deliberate act" of suicide, not to benefits that related to the worker's otherwise compensable conditions. *Ahn*, 91 Or App at 447.

In light of *Ahn*—the correctness of which is unchallenged—employer's argument cannot be sustained. Claimant is not requesting benefits that result from McClure's deliberate act of suicide, but rather is asking for the permanent

total disability benefits related to his compensable condition, as provided in ORS 656.208(1). As we held in *Ahn*, nothing in ORS 656.156(1) precludes claimant from obtaining those benefits.

Affirmed.